# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

DEMAND PRINTING SOLUTIONS,

       Plaintiff,

v.                                     No. CV 14-00916 WJ/KBM

RICOH AMERICAS CORPORATION
and RICOH USA, INC.,

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff Demand Printing Solutions' Motion for Remand to State District Court (**Doc. 6**), filed November 10, 2014, and all responsive briefing thereto. Having reviewed the parties' briefs and applicable law, the Court finds that the motion is not well taken and, therefore, is **DENIED**.

### FACTUAL BACKGROUND

According to the allegations in Plaintiff's complaint, Plaintiff contracted to lease a printer from Defendants Ricoh Americas Corporation and Ricoh USA, Inc., in November 2010. After the printer broke down several times and needed repeated servicing, Plaintiff entered into a second contract with Defendants in November 2011 to lease a backup printer, but that printer also required frequent servicing and produced substandard results. These problems forced Plaintiff to sometimes seek the services of its competition in order to complete its projects.

According to the complaint, these were not the only problems Plaintiff experienced. In early 2011, Plaintiff entered into an arrangement with its largest customer as well as with

Defendants to lease a software package from Defendants. Upon adoption of the software package, the customer was then to use the software package to create documents that Plaintiff would then print. Plaintiff describes the software package as "a complete disaster" that failed to meet its customer's needs.

On May 15, 2014, Plaintiff's counsel sent a letter to Defendants claiming to have suffered damages "nearing $300,000.00 plus an ongoing loss of approximately $250,000 per year in revenue" as a result of problems with the first printer alone. *See* (**Doc. 1 Ex. B**), Letter to Martin Brodigan. Defendants responded, and on August 14, 2014, Plaintiffs replied with a second letter demanding that Defendants retrieve their two printers, cancel the printer and software leases, and credit Plaintiff "for any and all account balances."

That same day, Plaintiff filed the complaint underlying this action in state court, alleging fraudulent inducement and violations of New Mexico's Unfair Practices Act ("UPA"), N.M.S.A. 1978, § 15-12-1 *et seq.* The complaint explicitly states that "[t]he amounts claimed as damages by [Plaintiff] are less than $75,000 exclusive of costs and fees." *See* (**Doc. 1 Ex. A**), Complaint, at 5. Defendants removed the case to this Court on October 13, 2014, pointing to Plaintiff's May 15 letter as evidence of the amount in controversy. (**Doc. 1**), Notice of Removal. Plaintiff filed the instant motion on November 24, 2014, arguing that Defendants have not satisfied the appropriate amount-in-controversy requirement.

## LEGAL STANDARD

Removal is proper where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1446(c). In seeking removal, the removing party has the burden

of proving both of these elements. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (citation omitted).

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted), *abrogated on other grounds*, *Dart Cherokee Basin Operating Co., LLC v. Owen*, No. 13-719, --- U.S. ---, 2014 WL 7010692 (Dec. 15, 2014). A removal notice must plausibly allege on its face that the amount-in-controversy requirement is met, and evidence supporting these allegations must be submitted "when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin*, --- U.S. ---, 2014 WL 7010692, at *6. If such evidence is necessary, the burden is on the defendant seeking removal "to prove jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy may exceed $75,000." *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). However, once the defendant has proven these jurisdictional facts, the matter should stay in federal court "unless it is 'legally certain' that less than $75,000 is at stake." *Id.* at 954.

## DISCUSSION

The Court faces a conundrum. In its complaint, Plaintiff expressly asserts, "The amounts claimed as damages by [Plaintiff] are less than $75,000 exclusive of costs and fees." On the other hand, Defendants have submitted a letter from Plaintiff that appears to show that the amount in controversy is, in fact, much higher than the jurisdictional threshold amount.

Defendants cite authorities dealing primarily with situations where a plaintiff has altogether failed to allege a jurisdictional amount in his complaint. In cases featuring this sort of ambiguity, a court may rely on numerous sources to determine the amount in controversy,

including "a combination of facts and theories of recovery" presented in the complaint as well as "other documentation." *See McPhail*, 529 F.3d at 956. Of particular relevance here, "a plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *Id.* (quotation omitted). Put more broadly, "documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal . . . ." *See id.*

If *McPhail* is applicable here, then Plaintiff's letter of May 15 would be permissible evidence that the jurisdictional amount has been met. Plaintiff seeks to avoid this conclusion by noting that the letter in *McPhail* was a settlement demand, whereas Plaintiff's own letter simply stated a grievance and its valuation of that grievance. This distinction is of no moment, though, because either way the letter represented "[P]laintiff's own estimation of its claim" prior to filing as $300,000 plus an additional $250,000 per year. *See id.* If anything, the May 15 letter may actually *underestimate* Plaintiff's valuation of the claims before the Court, since that letter only purports to deal with damages relating to one of the printer leases, whereas the complaint here also attacks the second printer lease and the software package contract.[1]

---

[1] Defendants, citing to Sixth Circuit caselaw, also argue that the entire value of each of the contracts in question must be factored into the jurisdictional amount if, as Plaintiff claims in his motion, he is seeking rescission of these contracts. Tenth Circuit precedent appears to be more nuanced. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1291 & n.5 (10th Cir. 2001) (considering only the amount already paid on a contract for § 1332(a) purposes even though Plaintiff sought rescission of the full contract), *abrogated on other grounds*, *Dart Cherokee Basin*, ---U.S. ---, 2014 WL 7010692. At this time there is no clear evidence before the Court of the amount that Plaintiff has already paid under the contracts. Thus, even assuming that Plaintiff is seeking rescission, the Court does not consider the entire value of the contracts in question in determining whether diversity jurisdiction exists.

Additionally, although Defendants assert in their counterclaim that the unpaid balance of the contracts at issue amounts to $79,000, district courts in the Tenth Circuit and elsewhere have largely, if not uniformly, concluded that even compulsory counterclaims filed after removal cannot satisfy the amount-in-controversy requirement. *See, e.g.*, *Martin Pet Products (U.S.), Inc. v. Lawrence*, 814 F. Supp. 56, 58 (D. Kan. 1993); *see also* 14A CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. JURIS. § 3706 & n.51 (4th ed. Sept. 2014) (stating that this approach is the rule in most jurisdictions). *But see Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241, 1245 n.2 (10th Cir. 1996) (reaching the opposite conclusion with respect to diversity cases originally filed in federal court). The Court therefore does not factor Defendants' counterclaim into its determination of the amount in controversy.

Defendants' problem is that it is not initially clear that *McPhail* is applicable at all, since Plaintiff expressly attempts to limit its recovery of damages in the complaint. A recent case before U.S. District Judge Martha Vazquez presents some parallels. In *Tres Lotes LLC v. BNSF Railway Co.*, the plaintiff included statements in its complaint stating that it was seeking injunctive relief that would not involve loss to the defendant of more than $74,000 or, barring that, damages not to exceed $74,000. *See* No. 14-cv-566-MV-WPL, --- F. Supp. 3d ---, 2014 WL 6621574, at *6 (D.N.M. Nov. 21, 2014). After the case was removed, Judge Vazquez granted the plaintiff's motion to remand, noting that the underlying complaint made it clear that "any potential recovery valued at more than $74,000 is simply not at issue in this case." *See id.* Judge Vazquez also persuasively noted that *McPhail* was inapplicable since the case before her "le[ft] no ambiguity that the *aggregate value* of the suit [wa]s limited to $74,000 and d[id] not admit of the possibility of recovery beyond that amount." *Id.* Finally, Judge Vazquez cited several persuasive decisions from other jurisdictions reaching the same conclusion under similar circumstances. *See id.* at *7 (citing, *e.g.*, *Raymond v. Lane Constr. Corp.*, 527 F. Supp. 2d 156, 158-59 (D. Me. 2007) ("[E]ven if [the plaintiff]'s claim could be worth more than $75,000, the United States Supreme Court has noted that a plaintiff is permitted to prevent a defendant from removing to federal court by 'resort[ing] to the expedient of suing for less than the jurisdictional amount . . . .'")).

Plaintiff's complaint almost lines up with the pleading at issue in *Tres Lotes*. Even ignoring an affidavit from Plaintiff stating that the company merely seeks to return the printers and cancel its leases and outstanding balances with Defendants, the complaint here explicitly seeks "less than $75,000 exclusive of costs and fees." Despite Defendants' arguments to the contrary, this limitation would appear to factor in punitive damages. *See* (**Doc. 1 Ex. A**),

Complaint, at 5, 8. Thus, even though Plaintiff has plainly valued its claims as being worth far more than the jurisdictional amount in the past, the Court cannot ignore Plaintiff's express limitation on recovery in its complaint. *See Laughlin*, 50 F.3d at 873 (citation omitted).

Still, one important feature distinguishes the instant case from *Tres Lotes*—Plaintiff's exclusion of "costs and fees" from the limitation on its recovery. Compare this wording to the removal statute, 28 U.S.C. § 1332(a), which provides that diversity jurisdiction may exist where, among other things, "the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*." This seemingly minor difference in language is significant because "attorneys' fees may be used in calculating [the] jurisdictional amount if [a relevant] statute allows [for] such recovery." *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." (citation omitted)). Under the UPA, the statute relevant to Count II of Plaintiff's complaint, prevailing claimants are awarded attorneys' fees. *See Woodmen*, 342 F.3d at 1218 (citing N.M.S.A. 1978, § 57-12-10(C)).

Here, the terms of Plaintiff's complaint limit recovery of damages to no more than $74,999.99, even if the available evidence establishes that both parties could potentially value Plaintiff's claims at a far higher amount. However, by those same terms, this limitation does not include fees, which would of course include attorneys' fees. The Court is confident that should Plaintiff prevail on its UPA claim, a reasonable estimate of the attorneys' fees to which it would be entitled would be far greater than $0.02, which would be enough to push Plaintiff's recovery over the $75,000 jurisdictional amount. Whereas the plaintiff in *Tres Lotes* presented an absolute

cap on recovery of less than $75,000 "and d[id] not admit the possibility of recovery beyond that amount," Plaintiff here leaves open the possibility of a far greater recovery once attorneys' fees are factored into the potential recovery for Plaintiff.

Given the ambiguity in Plaintiff's complaint, the Court turns to the evidence submitted by the parties and concludes that by a preponderance of that evidence, Plaintiff's claims could be valued at far more than $75,000 but would be limited by the terms of the complaint to $74,999.99 in damages. Further, the Court concludes by a preponderance of the evidence that a reasonable estimation of attorneys' fees awarded under the UPA, should Plaintiff prevail, would push the value of Plaintiff's recovery over the jurisdictional amount of $75,000. Because it is not "legally certain" that Plaintiff will recover an amount less than or equal to $75,000 under these circumstances, *see McPhail*, 529 F.3d at 957, the Court finds that the requirements for diversity jurisdiction have been met and that remand would be inappropriate.

Plaintiff belatedly asserts in the instant motion that it is not actually looking for monetary damages, "but rather is looking to rescind the contracts of lease with Ricoh and have the printers removed." *See* (**Doc. 6**), Motion, at 4. In support, it points to the letter it sent to Defendants on the same day that it filed the complaint, in which it demanded that Defendants retrieve their copiers, cancel the leases, and credit it for all account balances. While the Court accepts the August 14 letter as evidence that Plaintiff did in fact seek these outcomes, the language of the complaint is not consistent with Plaintiff's present insistence that rescission was *all* that Plaintiff was seeking. Instead, Plaintiff's complaint expressly seeks compensatory and punitive damages, attorneys' fees, and costs, with no mention of rescission or any other relief discussed in its August 14 letter. The Court therefore relies on the language in Plaintiff's complaint, along with

the other available evidence, to conclude that Defendant has established by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied.

### CONCLUSION

For the reasons herein stated, Plaintiff's Motion for Remand to State District Court (**Doc. 6**) is **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE